UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| TENEKA CONQUEST<br>2531 Meadows Landing<br>Chesapeake, VA 23321<br><br>                            Plaintiff(s),<br><br>   -v.-<br><br>PLAZA SERVICES, LLC<br>110 Hammond Drive, Suite 110<br>Atlanta, GA 30328<br><br>                             Defendant. | **Civil Action No:** |

## COMPLAINT

Plaintiff Teneka Conquest ("Plaintiff" or "Conquest") by and through her attorneys, Meridian Law, LLC, as and for its Complaint against Defendant Plaza Services, LLC, ("Defendant") respectfully sets forth, complains and alleges, upon information and belief, the following:

### INTRODUCTION/PRELIMINARY STATEMENT

1. Plaintiff brings this action for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of section 1692 et. seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

### PARTIES

2. Plaintiff is a resident of the State of Virginia, County of Chesapeake City, residing at 2531 Meadows Landing, Chesapeake, Virginia 23321.

3. Defendant is a debt collector with a principal office located at 110 Hammond Drive, Suite 110, Atlanta, Georgia 30328.

4. Defendant is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA.

## JURISDICTION AND VENUE

5. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as well as 15 U.S.C. § 1692 et. seq. and 28 U.S.C. § 2201. If applicable, the Court also has pendant jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

7. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

8. On information and belief, on a date better known to Defendant, Defendant began collection activities on an alleged consumer debt from the Plaintiff ("Alleged Debt").

9. This debt was incurred as a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5). The original creditor on the alleged debt is First Virginia and this is a consumer debt.

10. On or around November 18, 2016, Plaintiff received an initial collection letter from Defendant.

11. When a debt collector solicits payment from a consumer, it must, within five days of an initial communication, provide the consumer with a written validation notice which must include the following information:

(1) the amount of the debt;

  (2) the name of the creditor to whom the debt is owed;

  (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

  (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

  (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. 15 U.S.C. § 1692g(a).

This is known as the "G Notice."

  12. The "G Notice" in the November 18, 2016 does not meet the required guidelines of the FDCPA because it fails to include that the consumer must dispute the debt <u>in writing</u> in order to validly exercise her options under the statute.

  13. The Defendant's letter fails to differentiate that the consumer's dispute and validation request must be in writing and is misleading because without the proper instruction the least sophisticated consumer would effectively lose their right to dispute and request validation of the debt within the 30 day required period.

  14. Not only does the November 18, 2016 letter not contain the full requisite "G-Notice," the deficient version that exists of the "G-Notice" is completely overshadowed by the earlier content of the letter.

15. Specifically, the first paragraph of the Letter states that "After review of your dispute placed with Transunion and an investigation…your prior dispute of the above debt has been denied" which completely overshadows the fact that Plaintiff has 30 days to dispute and receive validation of the debt pursuant to the "G Notice" from the date of the November 18, 2016 letter.

16. Although a collection letter may track the statutory language, ''the collector nonetheless violates the Act if it conveys that information in a confusing or contradictory fashion so as to cloud the required message with uncertainty.'' Russell v. EQUIFAX A.R.S., 74 F.3d 30, 35 (2d Cir. 1996)

17. The November 18, 2016 letter is deceptive and misleading because it fails to properly outline what actions the consumer must take to validly dispute the debt, specifically that the dispute must be in writing.

18. Furthermore, the language in the first paragraph of the November 18, 2016 overshadows the language of the later (albeit misleading) "G Notice" and serves to confuse the consumer about her right to dispute the debt after being told her dispute has already been denied.

19. As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

**FIRST CAUSE OF ACTION**
**(Violations of the FDCPA)**

20. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

21.     Defendant's debt collection efforts attempted and/or directed towards Plaintiff violate various provisions of the FDCPA, including but not limited to to 15 U.S.C. §§ 1692e, 1692e(2), 1692e(10), 1692f and 1692g .

22.     As a result of the Defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Teneka Conquest demands judgment from the defendant Plaza Services, LLC, as follows:

a)      For actual damages provided and pursuant to 15 U.S.C. § 1692k(a)1);

b)      For statutory damages provided and pursuant to 15 U.S.C. § 1692k(2)(A);

c)      For attorney fees and costs provided and pursuant to 15 U.S.C. § 1692k(a)(3);

d)      A declaration that the Defendant's practices violated the FDCPA; and

e)      For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated:  February 20, 2017

/s/ Aryeh E. Stein
**Meridian Law, LLC**
By:  Aryeh E. Stein, VA Bar No. 45895
600 Reisterstown Road
Suite 700
Baltimore, MD 21208
Phone: 443-326-6011
Fax: 410-653-9061
astein@meridianlawfirm.com