# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
## Norfolk Division

TENEKA CONQUEST,

    Plaintiff,

v.                                                    CIVIL ACTION NO. 2:17cv106

PLAZA SERVICES, LLC,

    Defendant.

## MEMORANDUM OPINION & ORDER

Before the Court is Defendant Plaza Services, LLC's Motion to Dismiss for failure to state a claim, pursuant to Federal Rule of Criminal Procedure 12(b)(6) ("Rule 12(b)(6) Motion"). Def.'s Mot. to Dismiss, ECF No. 4. The Parties have fully briefed this matter and it is ripe for disposition. The Court also finds that a hearing will not aid judicial determination. For the reasons stated below, Defendant's Motion to Dismiss is **DENIED**.

### I.    FACTUAL AND PROCEDURAL HISTORY

Plaintiff incurred a consumer debt owned by First Virginia, the original creditor, prior to November 18, 2016. *See* Def.'s Mem. Ex. A, ECF No. 5. Defendant subsequently purchased Plaintiff's debt from First Virginia and currently owns the debt. *Id.*

Defendant sent an initial collection letter to Plaintiff on November 18, 2016. *Id.* The collection letter contained three paragraphs, the last of which was the "validation notice." *Id.* A validation notice is a paragraph that advises a consumer of their outstanding debt and their respective rights to dispute that debt under the Federal Debt Collections Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692o.

Plaintiff's Complaint alleges that Defendant's validation notice is deficient and violates the requirements of 15 U.S.C. § 1692g ("§ 1692g"). Compl. ¶ 12, ECF No. 1. Plaintiff further alleges that the letter's first paragraph overshadows the validation notice, in violation of § 1692g. Compl. ¶ 14, ECF No. 1. Plaintiff believes she has been damaged as a result of Defendant's alleged deceptive, misleading and unfair debt collection practices. Compl. ¶ 19, ECF No. 1.

Plaintiff filed her Complaint in the United States District Court for the Eastern District of Virginia on February 20, 2016. ECF No. 1. The complaint contains one count alleging Defendant's debt collection efforts violated the FDCPA. Compl. ¶¶ 20-22, ECF No. 1. This includes, but is not limited to, 15 U.S.C. §§ 1692e, 1692f, and 1692g. Compl. ¶ 21, ECF No. 1.

Defendant filed this Rule 12(b)(6) Motion to Dismiss Plaintiff's complaint, and its brief in support of its Motion to Dismiss, on March 14, 2017. ECF Nos. 4, 5. Plaintiff filed her response in opposition to Defendant's Motion to Dismiss on March 28, 2017. ECF No. 10.

## II. LEGAL STANDARD

A Rule 12(b)(6) Motion to Dismiss alleges that a plaintiff has "fail[ed] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Essentially, a Rule 12(b)(6) Motion challenges the legal sufficiency of a complaint. *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009) (citing *Jordan v. Alt. Res. Corp.*, 458 F.3d 332, 338 (4th Cir. 2006)). Importantly, a Rule 12(b)(6) Motion does not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of North Carolina v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992).

To state a claim for relief, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In order for a complaint to survive a Rule 12(b)(6) Motion, it need not assert "detailed factual allegations,"

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007), but it must contain sufficient factual matter to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). A court must assume the factual allegations are true and construe them "in the light most favorable to the plaintiff." *Martin*, 980 F.2d at 952. As a threshold matter, a court must first separate the legal conclusions, which are not entitled to the assumption of truth. *Iqbal*, 556 U.S. at 589-90. A court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkt. Inc. v. J.D. Assoc. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).

A court "must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). In other words, a court is not limited to the four corners of the complaint, but may consider other documents such as "official public records, documents central to plaintiff's claim, and documents sufficiently referred to in the complaint so long as the authenticity of these documents is not disputed." *Witthohn v. Fed. Ins. Co.*, 164 Fed. App'x 395, 396 (4th Cir. 2006); *see also* 5B Charles Alan Wright et al., Federal Practice and Procedure § 1357 (3d ed. 2004 and Supp. 2007)). This is a context-specific task that requires the court to draw on its "judicial experience and common sense." *Francis*, 588 F.3d at 193.

A Motion to Dismiss for failure to state a claim for relief "should not be granted unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be provided in support of his claim." *Johnson v. Mueller*, 415 F.2d 354, 354 (4th Cir. 1969); *see also Neitzke v. Williams*, 490 U.S. 319, 325-26 (1989).

## III. DISCUSSION

The primary issue presented is whether Plaintiff's factual allegations, when taken as true, plausibly demonstrate that Defendant has violated the FDCPA.

To establish a prima face case under the FDCPA, a plaintiff must show: (1) she is a consumer within the meaning of 15 U.S.C. § 1692a(3); (2) the debt arises out of a transaction primarily entered into for personal, family, or household purposes and is therefore a consumer debt as defined by 15 U.S.C. § 1692a(5); (3) the defendant is a debt collector as defined by 15 U.S.C. § 1692a(6); and (4) the defendant has violated, by act or omission, a provision of the FDCPA. *Walter v. HSM Receivables*, 2014 WL 5395197 at *1-2 (D. Colo. Oct. 23, 2014) (citing *Lucero v. Bd. of Recovery, Inc.*, No. Civ 09-0532, 2012 WL 681797 at *12 (D.N.M. Feb. 28, 2012); *Duncan v. Citibank*, No. Civ 06-246, 2006 WL 4063023, at *5 (D.N.M. June 30, 2006). The FDCPA is a strict liability statute, thus a consumer need not prove intent to trigger liability. *See Russell v. Equifax A.R.S.*, 74 F.3d 30, 33 (2d Cir. 1996); *see also Grant-Fletcher v. McMullen & Drury, P.A.*, 964 F. Supp. 2d 514, 520-21 (D. Md. Aug. 8, 2013); *Spencer v. Hendersen-Webb, Inc.*, 81 F. Supp. 2d 582, 590-91 (D. Md. Dec. 16, 1999).

Whether the FDCPA has been violated is determined using the objective "least sophisticated consumer" standard. *Russell v. Absolute Collections Serv., Inc.*, 763 F.3d 385, 394 (4th Cir. 2014) (citing *United States v. Nat'l Fin. Serv., Inc.*, 98 F.3d 131, 136 (4th Cir. 1996)). This objective standard asks "how the least sophisticated consumer would interpret the allegedly offensive language." *Russell*, 763 F.3d at 395. This standard's leniency ensures that the "FDCPA protects all consumers, the gullible as well as the shrewd." *Nat'l Fin. Serv., Inc.*, 98 F.3d at 136. However, this standard also presumes at least a "basic level of understanding and willingness to read with care." *Id.*

4

Defendant presents two arguments asserting that Plaintiff has not stated a claim for relief under the FDCPA that is plausible on its face. First, Plaintiff has not stated a claim that Defendant's validation notice failed to comply with 15 U.S.C. § 1692g's requirements. Second, there is insufficient evidence to show that the validation notice has been overshadowed by the other contents of the letter.

**§ 1692g's Requirements**

Defendant first argues that Plaintiff has failed to state a claim that is plausible on its face that Defendant has not complied with § 1692g's requirements.

Generally, § 1692g requires a debt collector to provide a written notice to a consumer with information regarding their debt and to notify the consumer that the debt will be assumed to be valid, unless disputed within thirty days. 15 U.S.C. § 1692g(a). Subsections 1692g(a)(3-5) require a debt collector to include a paragraph within that written notice advising a consumer of their rights to dispute the debt, obtain information about their debt and judgment, and obtain the original creditor's information. 15 U.S.C. § 1692g(a)(3-5). This paragraph is known as a "validation notice." *See Swanson v. S. Oregon Credit Serv., Inc.*, 869 F.2d 1222, 1225 (9th Cir. 1988). These subsections state that a validation notice must contain:

> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

> (4) a statement that if the consumer notifies the debt collector *in writing* within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

> (5) a statement that, upon the consumer's *written request* within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692(a)(3-5) (emphasis added).

Defendant's validation notice provides:

> Unless you notify Plaza Services within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify us within 30 days from receiving this notice, that you dispute the validity of this debt or any portion thereof, we will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification information, including the name and address of the original creditor.

Def.'s Mem. Ex., ECF No. 5.

Defendant argues that, because § 1692g(a)(3) does not require a debt collector to include a writing requirement in its validation notice, Plaintiff has no claim that the validation notice has not complied with § 1692g's requirements. In support of its Motion to Dismiss, Defendant cites *Clark v. Absolute Collection Serv., Inc.*, 741 F.3d 487 (4th Cir. 2014).

The issue presented in *Clark* was whether § 1692g(a)(3) allowed a consumer to dispute a debt orally, or whether it imposed a writing requirement. *Id.* at 490. The United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") held that no writing requirement was imposed on § 1692g(a)(3), therefore allowing consumers to dispute a debt orally. *Id.* at 491. The Fourth Circuit noted that when Congress includes particular language in one section of an act, but omits that language in another section of the same act, it must be presumed to be purposeful, unless it would lead to absurd results. *Id.* at 490. The Fourth Circuit found that Congress clearly intended for § 1692g(a)(3) to trigger certain "statutory protections for consumers independent of [§ 1692g(a)(4- 5) and (b)]." *Id.* at 491. The Fourth Circuit further found that by imposing a writing requirement onto § 1692g(a)(3) merely because § 1692g(a)(4- 5) contained such a requirement would violate "well-established principles of statutory protection," where a court must "give effect, if possible, to every clause and word of a statute." *Id.* Stated differently, § 1692g(a)(3)

6

does not require a consumer to submit written communication to dispute the debt. However, § 1692g(a)(4- 5) requires a notice to apprise a consumer that written communication must be submitted in order for the consumer to obtain verification of the debt or judgment, or the original creditor's information.

Here, Plaintiff specifically alleges that "the [validation notice] in the November 18, 2016 [initial collection letter] does not meet the required guidelines of the FDCPA because it fails to include that the consumer must dispute the debt <u>in writing</u> in order to validly exercise her options under the statute." Compl. ¶ 12, ECF No. 1. Plaintiff's brief clarifies that, although the validation notice complied with § 1692g(a)(3), it nonetheless failed to comply with § 1692g(a)(4-5) because the notice failed to inform Plaintiff that written communication must be submitted in order to obtain verification of the debt or judgment, or the original creditor's information. Pl.'s Opp'n to Def.'s Mot. Dismiss at 8-10, ECF No. 10. Because of this deficiency, Plaintiff concludes that the "least sophisticated consumer" would be misled about the proper process to challenge the validity of the debt, effectively losing her rights under § 1692g. Compl. ¶¶ 13, 17, ECF No. 1.

Accordingly, construing these factual allegations in the light most favorable to Plaintiff, the Court finds that Plaintiff has stated a claim that is plausible on its face that Defendant violated § 1692g by omitting a writing requirement as mandated under § 1692g(a)(4-5).

### A. Overshadowing or Contradicting the Validation Clause

Defendant further argues that there is insufficient evidence to support Plaintiff's claim that the validation notice was overshadowed or contradicted. Def.'s Mem. Supp. Def.'s Mot. Dismiss at 9-14, ECF No. 5.

7

Congress' purpose in requiring debt collectors to provide a validation notice is to "guarantee that consumers would receive adequate notice of their legal rights." *Miller v. Payco-General Am. Credits, Inc.*, 943 F.2d 482, 484 (4th Cir. 1991) (citing *Swanson*, 869 F.2d at 1225 (9th Cir. 1991)). "To be adequate, the 'validation notice' must be placed in such a way to be easily readable, and must be prominent enough to be noticed by an unsophisticated consumer." *Nat'l Fin. Serv., Inc*, 98 F.3d at 139. In other words, a validation notice "must not be overshadowed or contradicted by other messages or notices appearing in the initial communication from the collection agency." *Miller*, 943 F.2d at 484.

A validation notice is "overshadowed" when a letter's "manner of presentation" would mislead a consumer to disregard the notice. *Turner v. Shenandoah Legal Grp., P.C.*, No. 3:06cv045, 2006 WL 1685698 at *6 (E.D. Va. 2006) (citing *Miller*, 943 F.2d at 484). This includes, but is not limited to, the "differences in typeface, font size, ink color, or location of the validation notice." *Id.* A validation notice is "contradicted" when the language that accompanies the validation notice is inconsistent and contradicts the rights and duties imposed by § 1692g(a). *Morgan v. Credit Adjustment Bd., Inc.*, 999 F. Supp. 803, 807 (E.D. Va. Mar. 18, 1998).

Defendant's initial collection letter contained a bolded title before the first paragraph, as follows:

**Dispute Denied**

Plaza Services has purchased your account from the original creditor named above. After review of your dispute placed with Transunion, and investigation in conjunction with the entity from which the debt in question was purchased, your prior dispute of the above debt has been denied. If you have any evidence to support your dispute, we will reconsider. . . .

Def.'s Mem. Ex., ECF No. 5. All of the pertinent text is printed on the same page, in the same font, size, and color, with the exception of the bolded title. *See* Def.'s Mem. Ex., ECF No. 5.

Here, Plaintiff alleges the following:

14. Not only does the November 18, 2016 letter not contain the full requisite [validation notice], the deficient version that exists of the [validation notice] is completely overshadowed by the earlier content of the letter.

15. Specifically, the first paragraph of the Letter states that "after review of your dispute placed with Transunion and an investigation…your prior dispute of the above debt has been denied" which completely overshadows the fact that Plaintiff has 30 days to dispute and receive validation of the debt pursuant to the [validation notice] from the date of the November 18, 2016 Letter."

18. Furthermore, the language in the first paragraph of the November 18, 2016 [letter] overshadows the language the later (albeit misleading) [validation notice] and serves to confuse the consumer about her right to dispute the debt after being told her dispute has already been denied.

Plaintiff concludes that the language of both the title and first paragraph overshadow the validation notice "because it communicates to [Plaintiff] that Defendant has already investigated her dispute and deemed it denied." *Id.*

Defendant presents two reasons in support of its argument that the validation notice was not overshadowed or contradicted. First, the initial paragraph and the validation notice are not contradictory because it clearly refers to a prior dispute Plaintiff initiated with TransUnion Credit Bureau, and it discusses her then-current rights to dispute the debt with Defendant. *Id.* Second, the visual characteristics and form of the initial collection letter do not overshadow the validation notice. *Id.*

Construing these factual allegations in the light most favorable to Plaintiff, the Court finds Plaintiff's arguments unpersuasive. Although the notice's heading is drafted in bold and entitled "Dispute Denied," the remainder of the letter explains, in detail, that Plaintiff may challenge the dispute and that Plaza Services will reconsider the denial if Plaintiff raises her claim within thirty (30) days of receiving the validation notice. Ex. A, ECF No. 5-1. While the

Court finds that the validation notice adequately denotes Plaintiff's right to challenge the denial, this does not negate the insufficiencies of the notice outlined above.

Accordingly, Defendant's Motion to Dismiss is **DENIED**.

## IV. CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss is **DENIED**.

The Clerk is **DIRECTED** to provide a copy of this Order to the parties.

**IT IS SO ORDERED.**

Norfolk, Virginia
August 8, 2017

/s/
Raymond A. Jackson
United States District Judge